**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(NORTHERN DISTRICT)**

REBECCA EBAUGH        *

       *Plaintiff*        *

    v.        *

MAYOR AND CITY COUNCIL OF        *
BALTIMORE CITY

       * Civil Case No.: 1:20-cv-00663-ELH

       *Defendant*

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

**PLAINTIFF'S OPPOSITION TO DEFENDANTS PARTIAL MOTION TO DISMISS**

NOW COMES, Plaintiff Rebecca Ebaugh, by and through her undersigned counsel, Domenic R. Iamele and IAMELE & IAMELE, LLP, and Michael E. Glass, MBA, Esq., and The Michael Glass Law Firm, who hereby opposes Defendants Partial Motion to Dismiss. Plaintiff Ebaugh respectfully asserts that she has set forth sufficient factual allegations compelling a denial of the dispositive motion. In conjunction with the instant filing, Plaintiff has filed a Motion for Leave to File a Second Amended Complaint. The proposed Second Amended Complaint and corresponding comparison copy was attached thereto as Exhibits 1 and 2. Plaintiff states further in support of this opposition:

**I.**     **Introduction and Procedural History**

This case concerns the allegations that Plaintiff Rebecca Ebaugh was discriminated against as a result of a disability in direct violation of the Americans with Disabilities Act. Plaintiff further alleges violations of Title VII of the Civil Rights Act based on Plaintiff's race and/or gender and violations of the Age Discrimination in Employment Act.

This case was initiated by counsel on March 11, 2020. On or about April 2, 2020, Defendant Mayor and City Council of Baltimore City provided the undersigned counsel with an

1

executed waiver of service. On May 13, 2020, Gary Gilkey entered his appearance on behalf of all named Defendants. On May 31, 2020, counsel for Defendants filed a Motion to Dismiss for failure to State a Claim. Defendants advanced the following arguments within their Motion to Dismiss: (1) Baltimore City Department of Parks and Recreation is not an entity that can be sued; (2) Federal Law and the Maryland Fair Employment Practice Laws do not authorize suits against individuals; (3) Plaintiff failed to exhaust administrative remedies regarding her claims of discrimination and disparate treatment based on age, race, and sex; (4) Plaintiff failed to state a claim for which relief can be granted under ADA because the statute does not provide a cause of action for age, race, or sex discrimination; and (5) No punitive damages can be imposed against government defendants.

In response to Defendants Motion to Dismiss, Plaintiff filed a First Amended Complaint on July 24, 2020. Plaintiff's First Amended Complaint removed The Baltimore City Department of Parks and Recreation as a party Defendant, removed Plaintiff's claim for punitive damages, and rearranged the causes of action advanced in the counts of the complaint. On August 7, 2020 this Honorable Court issued an order denying Defendants Motion to Dismiss as moot based on the filing of the Plaintiff's First Amended Complaint.

On August 10, 2020, Defendants Mayor and City Council of Baltimore City, Ciara Harris, and Reginald Moore filed a Partial Motion to Dismiss the Complaint. Defendants raised the following arguments in their Second Motion to Dismiss: (1) Federal law and the Maryland Fair Employment Practice Laws do not authorize suits against Individuals; (2) Plaintiff failed to exhaust administrative remedies regarding her claims of discrimination and disparate treatment based on age, race, and sex; and (3) Plaintiff failed to state a claim for which relief can be

granted under the ADA because the statute does not provide a cause of action for age, race, or sex discrimination.

No Scheduling Order has been issued in the above captioned case and no discovery efforts have been undertaken by either party.

In conjunction with the instant filing, Plaintiff filed a Motion for Leave to file a Second Amended Complaint as Plaintiff recognized the need to further amend her Complaint. Plaintiff's proposed Second Amended Complaint, attached hereto as Exhibit 1, seeks to (1) to remove Ciara Harris and Reginald Moore as party Defendants, (2) to more precisely outline her exhaustion of administrative remedies and factual predicate of Plaintiff's claims, (3) to outline a viable cause of action for age discrimination; and (4) correct Count Five – Disparate Treatment in Violation of Title VII and the ADA to remove references to the ADA; and (5) omit causes of action that are not viable. A redlined copy of the pleading, showing all alterations, is included with this motion as Attached Exhibit 2.

## II.    **Standard of Review**

Dismissal under Rule 12 is "merely a decision on the pleadings. For that reason, such motions are granted sparingly and with caution." *See Hospital Bldg. Co. v. Trustees of Rex Hosp.*, 511 F.2d 678, 680 (4th Cir. 1975) *rev'd* on other grounds, 425 U.S. 738, 96 S. Ct. 1848, 48 L. Ed. 2d 338 (U.S.N.C. 1976). "Dismissal under Rule 12(b)(6) is appropriate only if a plaintiff fails to state a claim that is plausible on its face." *Owens v. Baltimore City State's Attorney's Office*, 767 F. 3d 379, 396 (4th Cir. 2014).

In ruling on a 12(b)(6) motion to dismiss, this Court must "accept the well-played allegations of the complaint as true," and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff ." *Ibarra v. United States*, 120 F. 3d 472,

474 (4th Cir. 1997). Consequently, a motion to dismiss may be granted only when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 450-46 (1957); *See also Flood v. New Hanover County*, 125 F. 3d 249, 251 (4th Cir. 1997) (citing *Estate Constr. Co. v. Miller & Smith Holding Co.*, 14 F. 3d 213, 217-18 (4th Cir. 1994))( "to dismiss a complaint pursuant to Rule 12(b)(6), the court must consider the well-pleaded material allegations in the light most favorable to the Plaintiff and accept those factual allegations as true.") Furthermore, the court must "disregard the contrary allegations of the opposing party." *Gillespie v. Dimension Health Corp.,* 396 F. Supp 2d 636, 640 (D. Md. 2005)

As stated above, a motion to dismiss for failure to state a claim for relief should not be granted if the complaint is plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has 'facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678. Thus, it is incumbent on the defendants to prove that plaintiff's complaint does not allow the Court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 681; *See also Bing v. General Motors Acceptance Corp.*, 237 F. Supp. 911, 912 (E.S.S.C. 1965) (quoting *Conley v. Gibson*, 355 U.S. 41, 45 (1957)) ("A complaint should not be dismissed…unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.")  By rule, in order to maintain the motion as a motion to dismiss, the defendant must prove these elements without presenting evidence extrinsic to the plaintiff's complaint. Fed. R. Cic. Pro. 12(d). Extrinsic evidence is not germaine to the Court's analysis because "[t]he issue is not whether the plaintiff will ultimately prevail but

whether the claimant is entitled to offer evidence to support the claims." *Swierkiewicz v. Sorema N.A.*, 524 U.S. 506, 511 (2002).

**III.   <u>Argument</u>**

### A. Federal Employment Laws Does Authorize Suit Against Individuals

In conjunction with the instant filing Plaintiff has filed a Motion for Leave to File a Second Amended Complaint. Plaintiff's Second Amended Complaint removes the individual Defendants, Reginald Moore and Ciara Harris, as party defendants. Under Plaintiff's Second Amended Complaint, this argument advanced by Defendants is moot as the individual defendants have been removed as party defendants from the instant litigation.

Alternatively, should this Honorable Court deny Plaintiff's Motion for Leave to File a Second Amended Complaint and Plaintiff's First Amended Complaint is controlling, Plaintiff will consent to the dismissal of Defendant Reginald Moore and Ciara Harris as Defendants in the instant litigation without prejudice.

### B. Plaintiff's Complaint Administrative Remedies

Plaintiff Ebaugh concedes that Title VII of the Civil Rights Act does not permit a cause of action for age discrimination. Should this Honorable Court deny Plaintiff's Motion for Leave of Court to File a Second Amended Complaint, Plaintiff concedes that the cause of action for age discrimination advanced as a violation of Title VII should be dismissed without prejudice.

Alternatively, should this Honorable Court grant Plaintiff's Motion for Leave of Court to File a Second Amended Complaint, Plaintiff's Second Amended Complaint includes a count for a violation of the Age Discrimination Employment Act (ADEA) as Count Six. As will be discussed more thoroughly, Plaintiff's Complaint, First Amended Complaint, and Second

Amended Complaint contains sufficient allegations that Plaintiff exhausted her administrative remedies regarding claims for discrimination based on age, race, and gender.

Statutory procedures of Title VII of the Civil Rights Act of 1964 requires that a Plaintiff must exhaust administrative remedies by filing a charge with the EEOC before pursing a suit in federal court. *Sydnor v. Fairfact County, Va.*, 681 F.3d 591, 593 (4th Cir. 2012). The Fourth Circuit has further stated that

> This exhaustion requirement is "an integral part of the Title VII enforcement scheme." *Chacko v. Patuxent Inst.*, 429 F.3d 505, 510 (4th Cir. 2005). For one thing, requiring a party to file a charge with the EEOC "ensures that the employer is put on notice of the alleged violations," *Miles v. Dell, Inc.,* 429 F.3d 480, 491 (4th Cir. 2005), thereby giving it a chance to address the alleged discrimination prior to litigation.

*Sydnor*, 681 F.3d at 593. "At the same time, however, the exhaustion requirement should not become a tripwire for hapless plaintiffs. While it is important to stop clever parties from circumventing statutory commands, we may not erect insurmountable barriers to litigation out of overly technical concerns." *Sydor*, 681 F.3d at 594. "[S]o long as 'a plaintiff's claims in her judicial complaint are reasonably related to her EEOC charge and can be expected to follow from a reasonable administrative investigation', she 'may advance such claims in her subsequent civil suit.'' *Sydor*, 681 F.3d at 594 (quoting *Smith v. First Union Nat'l Bank,* 202 F.3d 234, 247 (4th Cir. 2000)).

In this case, Plaintiff has alleged that she timely filed a Complaint of Discrimination with her employer, Baltimore City, through the Baltimore City Community Relations (CRC), which was dual filed with the Equal Employment Opportunity Commission. (Compl. ¶ 6; First Amend. Compl. ¶ 6; Second Amend. Compl. ¶ 8-10) In fact, Plaintiff Ebaugh filed two charges of discrimination. The first on March 19, 2018 which cited discrimination based on retaliation and

6

disability and the second one on April 3, 2018 which cited discrimination based on retaliation. (Compl. ¶ 6 and Attached Exhibit 1; First Amend. Compl. ¶ 6 and Exhibit 1 incorporated from Plaintiff's Original Complaint; and Second Amend. Compl. ¶ 8-9) These two charge statements did not include references to discrimination based on age, gender, and/or race.

However, Plaintiff further alleged that she amended her charge of discrimination on June 8, 2018. (Compl. ¶ 6 and Attached Exhibit 1; First Amend. Compl. ¶ 6 and Exhibit 1 incorporated from Plaintiff's Original Complaint; and Second Amend. Compl. ¶ 10) Plaintiff's June 2018 correspondence was addressed to the Baltimore City Community Relations Commission and included both the EEOC complaint number and the CRC's complaint number. (Compl. ¶ 6 and Attached Exhibit 1; First Amend. Compl. ¶ 6 and Exhibit 1 incorporated from Plaintiff's Original Complaint; and Second Amend. Compl. ¶ 10) Plaintiff's correspondence further requested to be advised should "new or additional complaint forms are required to be completed." (Compl. ¶ 6 and Attached Exhibit 1; First Amend. Compl. ¶ 6 and Exhibit 1 incorporated from Plaintiff's Original Complaint; and Second Amend. Compl. ¶ 10) While Plaintiff's Second Amended Complaint more clearly articulated the aforementioned facts, the correspondence was included within Exhibit 1 of Plaintiff's Original Complaint, which was incorporated into Plaintiff's First Amended Complaint by reference. (Compl. ¶ 6 and Attached Exhibit 1; First Amend. Compl. Preamble, ¶ 6, and Exhibit 1 incorporated from Plaintiff's Original Complaint) Plaintiff's proposed Second Amended Complaint further alleges that this correspondence was received and docketed into the claim file as evidenced by the charge detail inquiry which was attached thereto as Exhibit 4.

The Fourth Circuit has noted that "it would be objectively illogical to view a private letter from a complaining party to the EEOC as constructively amending a formal charge, given that

one of the purposes of requiring a party to file charges with the EEOC is to put the charged party

on notice of the claims against it." *Balas v. Huntington Ingalls Industries, Inc.*, 711 F.3d 401,

408 (2013) (quoting *Sloop v. Mem'l Mission Hosp., Inc.,* 198 F.3d 147, 149 (4th Circ. 1999).

However, the court's reasoning in *Sloop* and *Balas* was based on the fact that the "employer was

never apprised of the contents of her letter (nor could she expect it to have been), the point at

which they were written makes no difference for the goals of putting her employer on notice or

encouraging conciliation." *Balas*, 711 F.3d at 408.

 The instant care is substantially different from *Balas* and *Sloop* in that the

correspondence requesting the amendment to the discrimination charges was submitted directly

to Plaintiff's employer, Defendant Baltimore City. Therefore, Defendant Baltimore City was

apprised of the contents of her letter and was placed on notice of its contents. Further, Plaintiff

subjectively believed that she was amending her discrimination charge by way of the

correspondence and requested that should additional complaint forms be required to be notified.

Defendant Mayor and City Council of Baltimore City had sufficient time in which to investigate

Plaintiff's allegations of discrimination based on age, sex, and race. In fact, 624 days elapsed

from the time Defendant received Plaintiff's June 2018 correspondence and the issuance of right

to sue letters. The Fourth Circuit has held that discrimination charges "are not completed by

lawyers and as such 'must be construed with utmost liberality.'" *Balas*, 711 F.3d at 408 (quoting

*Alvarado v. Bd. Of Trs. Of Montgomery Cmty. Coll.*, 848 F.2d 457, 460 (4th Cir. 1988)).

 Taking these allegations as true, and all inferences reasonably drawn therefrom, the

Palitniff has unequivocally alleged and stated that she has exhausted her administrative remedies.

As such, the Defendant's argument that the Plaintiff's claim is devoid of any allegations that

Plaintiff exhausted her administrative remedies concerning discrimination based on age, gender, and/or race is wholly without merit.

**C. Count Five of Plaintiff's First Amended Complaint Fails to Provide a Cause of Action for Age, Race, or Sex Discrimination.**

Plaintiff's First Amended Complaint erroneously included references to the ADA in County Five – Disparate Treatment in Violation of Title VII. In conjunction with the instant filing Plaintiff has filed a Motion for Leave to File a Second Amended Complaint. Plaintiff's Second Amended Complaint removes the references to the ADA within Plaintiff's claim of violations Title VII of the Civil Rights.

Alternatively, should this Honorable Court deny Plaintiff's Motion for Leave to File a Second Amended Complaint and Plaintiff's First Amended Complaint is controlling, Plaintiff concedes that ONLY the ADA claim found in Count Five of Plaintiff's First Amended Complaint should be dismissed without prejudice. However, as is more thoroughly discussed above, Plaintiff has stated a valid claim and alleged exhaustion of administrative remedies for the remaining violations of Tile VII as advanced in Count Five.

**IV.  <u>Conclusion</u>**

It must be noted that a dismissal for lack of subject-matter jurisdiction is not a decision on the merits and does not preclude the Plaintiff from filing the claim in a court that may properly hear the dispute. As such, the Defendant's request that this Court grant the motion to dismiss with prejudice, should be denied. For the above stated reasons, Defendant's Second Motion to Dismiss should be denied.

Respectfully submitted,

IAMELE & IAMELE, LLP


_____-s -_____
Domenic R. Iamele, Fed Bar No. 00878
201 North Charles Street, Suite 400
Baltimore, Maryland 21201
diamele@iamelelaw.com
Telephone: 410-779-6160
Facsimile: 410-779-6161


_____-s -_____
Michael E. Glass, MBA, Esq., Trial Bar No. 11805
The Michael Glass Law Firm
201 N. Charles Street, Suite 1900
Baltimore, Maryland 21201
Phone: (410) 779-0600, Fax: (410) 814-4604
Email: mglass@mglasslaw.com

*Attorneys for Rebecca Ebaugh*


## **HEARING REQUEST**

Plaintiff request that a hearing be held concerning Defendant's Motion to Dismiss and the instant Opposition to the same.


_____/s/_____
Domenic R. Iamele

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY, that on this **4th** day of **September, 2020**, a copy of the foregoing

Plaintiff's Motion for Leave to File Second Amended Complaint was sent by this Court's

electronic delivery system to the following:

> Gary Gilkey, Esq.
> Baltimore City Office of Law
> 100 North Holliday Street, 136 City Hall
> Baltimore, MD 21202

_____-s -_____
Domenic R. Iamele

11