

**CITY OF BALTIMORE**

**BRANDON M. SCOTT**
Mayor

**DEPARTMENT OF LAW**
JIM SHEA, CITY SOLICITOR
100 N. HOLLIDAY STREET
SUITE 101, CITY HALL
BALTIMORE, MD 21202

October 20, 2021

**SENT VIA ECF FILING**
The Honorable Judge Lipton Hollander
U.S. District Court for the District of Maryland
101 West Lombard Street
Baltimore, MD 21201

    Re: *Ebaugh v. Mayor and City Council of Baltimore, et al.*, Civil Action No. 1:20-cv-00663, Letter Regarding Discovery Dispute

Honorable Judge Hollander:

  Pursuant to this Court's discovery dispute process, Defendant Mayor and City Council of Baltimore ("the City") is filing this letter outlining its position with respect to a discovery dispute over the deposition of Kenneth Williams. Plaintiff has served subpoenas on Kenneth Williams, the former employee of Baltimore City to appear for a deposition on October 21, 2021 at 1:00 pm. Mr. William has no involvement in the facts of this case and, furthermore, he was employed with the City after Plaintiff was terminated (the end of the timeline of facts of Plaintiff's allegation in the complaint). Because his testimony has virtually no relevance, he should not be forced to testify.

  *Background*

  Plaintiff began working for the Baltimore City Department of Recreation and Parks (BCRP) in July of 2003. *Compl. at ¶16.* In January of 2017, Plaintiff sustained an injury while at work and subsequently sought medical treatment. *Compl. at ¶17.* Plaintiff filed a worker's compensation claim and returned to fulltime work status by June of 2017. *Compl. at ¶18-21.* By the end of June 2017, Plaintiff's doctor recommended that she be allowed to take comfort breaks and reduce screen time as needed. *Compl. at ¶26.* In July of 2017, the Director of the Baltimore City Department of Recreation and Parks (BCRP) was replaced by Director Moore. *Compl. at ¶22.* In October of 2017, Plaintiff received a performance warning that cited deficiencies in Plaintiff's performance of critical duties, including errors in scheduling, unanswered emails, and problems with maintaining calendar events. *Compl. at ¶40.*

  In January of 2018, after months of underperforming and receiving warnings and counseling from her superiors, Plaintiff requested an accommodation for her alleged ongoing health issues. *Compl. at ¶52.* Although the City provided Plaintiff with ADA forms in January of 2018, Plaintiff did not return the documentation to the City until March 2, 2018. *Compl. at ¶59.* Notwithstanding her failure to do so, on March 21, 2018, BCRP sought to accommodate Plaintiff by allowing her to: decrease her screen time and take comfort breaks pursuant to doctor's orders; reassignment; and written instructions from her supervisor and easier access to her supervisor. When these accommodations did not rectify Plaintiff's work performance, BCRP then offered a

second accommodation, which was to place Plaintiff in a new job position that she rejected. Thereafter, BCRP received Plaintiff's first charge of discrimination, which Plaintiff filed with the Baltimore City Community Relations Commission ("BCRC") on March 19, 2018. *Ex. 1*. After months of Plaintiff's underperformance of her duties, the City ended Plaintiff's period of employment in March of 2018. *Compl. at ¶68*. Sometime after Plaintiff's termination, Mr. Williams was hired by the City.

On September 4, 2020, Plaintiff filed her second Amended Complaint in this court alleging six counts sounding in discrimination arising out of Plaintiff's termination from employment with the City. Plaintiff's counsel caused a subpoena to be issued directing Mr. Williams to appear for a deposition on October 21, 2021.

### *Undue Burden to Mr. Williams*

FRCP 45(d)(3) requires a court to quash or modify a subpoena if the subpoena i) does not allow a reasonable time to comply, ii) requires someone to comply outside of geographical limits defined by FRCP 45(c); iii) requires disclosure of privileged material; or iv) subjects someone to an undue burden. Plaintiff's subpoena for Mr. Dodson should be quashed under 45(d)(3)(i), (iii), and (iv). The only relevant testimony Mr. Williams could provide would be outside the timeline of Plaintiff's complaint.

This Honorable Court may issue an order to protect Mr. Williams from annoyance, embarrassment, oppression, or undue burden or expense by forbidding a deposition when by quashing the subpoena because it seeks information that is irrelevant to this case. *Singletary v. Sterling Transport Co., Inc.*, 289 F.R.D. 237, 241 (E.D. Va. 2012) citing *Cook v. Howard*, 484 Fed. Appx. 805 (4th Cir. 2012)(unpublished). The Court should quash a "subpoena as overbroad if it does not limit the requested to those [persons have] subject matter [information] relevant to the underlying action." *Id*.

Here, Mr. William's testimony should be barred. Plaintiff has not alleged that Ms. Williams has any firsthand knowledge of Plaintiff's employment or the circumstances surrounding her termination, nor has Plaintiff alleged that Mr. William participated in any discriminatory acts against Plaintiff. In fact, Mr. Williams was employed with the City after the timeframe of Plaintiff's alleged claims. And so, any testimony he could provide will be irrelevant to the facts of this case.

> "Relevance is thus the foundation for any … [discovery request], regardless of the individual to whom a request is made. That the BCPD was no longer a party to the case did not make relevance of the materials requested an inappropriate factor for the court to consider. *See Misc. Dkt. Matter 1 v. Misc. Dkt. Matter 2,* 197 F.3d 922, 925 (8th Cir.1999) (discussing factors to be considered in discovery against third parties, including relevance)."

citing *Cook v. Howard*, 484 Fed. Appx. At 811. Therefore, the City objects to Plaintiff's request because the only matters to which Mr. Williams could possibly testify to would be irrelevant, and so his subpoena should be quashed as a matter of law.

*Conclusion*

Because Mr. William's testimony would only relate to non-relevant material, he should not be required to testify, and Plaintiff's subpoenaed should be quashed.

                                                          Respectfully submitted,

                                                    _____/s/_____
                                                    DARNELL E. INGRAM, ESQ. (21660)
                                                    BALTIMORE CITY DEPARTMENT OF LAW
                                                    100 Holliday Street, Room 131
                                                    Baltimore, Maryland 21202
                                                    Telephone: 410-396-3659
                                                    Facsimile: 410-396-1457
                                                    darnelle.ingram@baltimorecity.gov
                                                    *Attorney for Defendant*

**CERTIFICATE OF MEET AND CONFER**

I HEREBY CERTIFY that on October 13, 2021, counsels for the parties met and conferred, telephonically.

                                                  _____/s/_____
                                                  DARNELL E. INGRAM, ESQ.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 7, 2021, a copy of the foregoing letter was served on all counsel entitled to service by electronic filing through this Court's ECF system.

                                                  _____/s/_____
                                                  DARNELL E. INGRAM, ESQ.